IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHANIEL JEFFERSON (#2011-1224133) and DONTRELL D. WATKINS (#2011-1118283),<br><br>Plaintiffs,<br><br>v.<br><br>TOM DART, et al.,<br><br>Defendants. | Case No. 15 C 2117 |

**MEMORANDUM ORDER**

This Court grants the motion of plaintiff Nathaniel Jefferson ("Jefferson") for leave to proceed in forma pauperis ("IFP") [Dkt. 3] and authorizes and orders Cook County Jail officials to begin making monthly deductions from Jefferson's trust fund account toward payment of the $350 statutory filing fee in accordance with this memorandum order ("Order"). This Court instructs the Clerk to send a copy of this Order to the Supervisor of Inmate Trust Fund Accounts, Cook County Department of Corrections Administrative Office, Division V, 2700 South California, Chicago, Illinois 60608. However, summonses shall not issue at this time. Jefferson's motion for attorney representation [Dkt. 4] is denied without prejudice, and he is granted 28 days in which to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from doing so (see, e.g., the per curiam opinion in Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013), citing and quoting Pruitt v. Mote, 503 F.3d 647, 655-59 (7th Cir. 2007) (en banc)). This Court, on its initial review pursuant to 28

U.S.C. § 1915A,[1] sua sponte dismisses (1) Dontrell Deshawn Watkins ("Watkins") as a co-plaintiff and (2) Sheriff Tom Dart and Superintendent Arce as defendants.

**Statement**

Jefferson, a detainee in the custody of the Cook County Department of Corrections ("Cook County Jail"), has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"), claiming that jail officials violated his constitutional rights by acting with deliberate indifference to his safety. More specifically, Jefferson alleges that correctional officers failed to protect him from -- or perhaps even facilitated -- an attack by fellow prisoners.

At the outset this Court sua sponte dismisses the Complaint's listed would-be co-plaintiff Watkins, who did not also file an application for leave to proceed IFP. Instead Watkins contemporaneously filed a separate action (15 C 2118, assigned to Judge Gary Feinerman), raising identical claims and identifying both Jefferson and Watkins as co-plaintiffs. Because of (1) the identical nature of the two Complaints, (2) the legal requirement that each plaintiff pay the full statutory filing fee, whether filing jointly or separately (see Boriboune v. Berge, 391 F.3d 852, 855-56 (7th Cir. 2004)) and (3) the difficulties in litigating multiplaintiff lawsuits, Jefferson will proceed under this case number and Watkins must proceed separately under Case No. 15 C 2118.

On the defendants' side of the "v." sign, this Court discerns no basis for liability on the part of either Sheriff Tom Dart or Superintendent Arce. Jefferson has alleged no facts suggesting either supervisor's direct personal involvement as required by such cases as Minix v. Canarecci,

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

597 F.3d 824, 832-33 (7th Cir. 2010). Nor has Jefferson indicated that the alleged violation of his constitutional rights occurred at the supervisors' direction or with their knowledge and consent (id. at 833-34). Section 1983 liability is premised on a wrongdoer's personal responsibility, so that an individual cannot be held liable in a Section 1983 action unless he caused or participated in an alleged constitutional deprivation (Kuhn v. Goodlow, 678 F.3d 552, 556 (7th Cir. 2012)). Respondeat superior principles do not apply to actions filed under Section 1983 (see, e.g., Kinslow v. Pullara, 538 F.3d 687, 692 (7th Cir. 2008)). Because Jefferson has failed to offer any facts indicating that Sheriff Dart and Arce were personally involved in -- or even aware of -- the alleged circumstances giving rise to this lawsuit, they are dismissed as defendants here.

Next, Jefferson's motion for leave to proceed IFP is granted. Pursuant to Section 1915(b)(1) Jefferson is assessed an initial partial filing fee of $25 (if that payment is not made by March 26, 2015, that initial payment must comprise that $25 amount plus 20% of the sum of any deposits to the account during March). Accordingly the supervisor of inmate trust accounts at the Cook County Jail ("Supervisor") is authorized and ordered to collect, when funds exist, that partial filing fee from Jefferson's trust fund account and to pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the Supervisor is authorized and ordered to begin collecting monthly payments from Jefferson's trust fund account in an amount equal to 20% of the preceding month's income credited to the account (see Section 1915(b)(2)).

Monthly payments collected from that account shall be forwarded to the Clerk of this District Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be addressed to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, Attn: Cashier's Desk, 20th Floor, and shall clearly

identify Jefferson's name and the case number assigned to this action. Finally, the Supervisor must transfer any outstanding balance in that account to any another correctional facility to which Jefferson may be transferred.

To turn to the merits of Jefferson's claim, this Court has complied with Section 1915A by conducting a prompt threshold review of the Complaint. What follows reflects the results of that review, with Jefferson's factual allegations being assumed to be true.

Jefferson and Watkins were cellmates at the time of the events giving rise to this action. On an unspecified date Watkins and an Officer Guerrero had an oral disagreement, with Guerrero threatening Watkins.

Corrections officers were aware that Jefferson and Watkins had some kind of disagreement with a group of other detainees on the tier. On February 17, 2015 defendant officers Guerrero and Muskat placed double handcuffs on Jefferson and Watkins before they left their cells, but the officers purposefully did not place double handcuffs on two other detainees who were also released from their cells. That enabled the other detainees to loose themselves from their restraints and physically assault Jefferson and Watkins, who were unable to defend themselves because they were double-handcuffed. Following the attack Jefferson was denied needed medical attention for his injuries. On the next day Muskat purportedly thanked the detainees who had attacked Jefferson and Watkins.

That scenario clearly states a cognizable Section 1983 claim against Guerrero and Muskat. Correctional officials have a duty to take reasonable steps to protect inmates from violent assaults by other inmates (<u>Rice ex rel. Rice v. Correctional Med. Servs.</u>, 675 F.3d 650, 669 (7th Cir. 2012), citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994)). In addition, unjustified force against a pretrial detainee violates the inmate's rights under the Fourteenth

Amendment (see, e.g., Rice, 675 F.3d at 667-68). Furthermore, the Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee (see, e.g., Grieveson v. Anderson, 538 F.3d 763, 779 (7th Cir. 2008)).

As already stated, what has been said here has been based on a preliminary review of the Complaint -- and to that end Jefferson's allegations have also been granted the benefit of reasonable favorable inferences. Hence nothing said here precludes any legal argument that the remaining defendants may advance in response to those allegations.

Finally, the assistance of counsel would seem to benefit both Jefferson and this Court -- and indeed defendants as well, in the sense that their counsel would then be able to communicate with other lawyers rather than directly with Jefferson, who is of course unlettered in legal terms. But Jefferson has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from doing so (see, e.g., Navejar, 718 F.3d at 696). Accordingly Jefferson's motion for attorney representation [Dkt. 4] is denied without prejudice, and he is granted 28 days from the date of this memorandum order to provide documentation of his attempts to find an attorney to represent him.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 23, 2015