IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NATHANIEL JEFFERSON**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 2117 |
| | ) |
| **OFFICER PABLO GUERRERO**, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

After this Court's September 1, 2016 memorandum opinion and order ("Opinion") that denied the motion of Officer Pablo Guerrero ("Guerrero") for summary judgment against Nathaniel Jefferson ("Jefferson"), a pretrial detainee at the Cook County Department of Corrections ("County Jail"), an opinion that left Guerrero as the sole defendant in the case, the parties developed and this Court entered a Final Pretrial Order ("FPTO") that teed up the case for trial. As directed by this Court during the conference with the parties that resulted in the approval of the FPTO, each side has tendered motions in limine to which the other side has responded. This memorandum opinion and order will speak to those motions, beginning with Jefferson's and concluding with Guerrero's.

### Jefferson's Motions in Limine

There is no need to discuss the bulk of Jefferson's motions in limine, for Guerrero's counsel has treated only three of them as subject to dispute. Although some confusion has been created by the fact that Jefferson's Memorandum in Support of His Contested Motions in Limine (Dkt. No. 76) has numbered those disputed motions differently from the numbers assigned in the motions in limine themselves (Dkt. No. 76-1), this opinion will refer to the disputed matters by using the same altered identification numbers that the parties' dueling memoranda have

employed. That means that Jefferson's Motions Nos. 1, 3 and 6 through 15 as originally numbered in Dkt. No. 76-1 are granted, and Guerrero's counsel are ordered to comply with those motions at trial.

As for Jefferson's Motion No. 2, which seeks "to bar reference to any other inadmissible criminal history or arrest record of Plaintiff Nathaniel Jefferson," Guerrero's counsel disclaims any intention of referring to any prior arrests but does seek to introduce Jefferson's prior felony convictions (that same contention as to felony convictions forms the gravamen of Guerrero's Motion No. 6). Jefferson has the better of that dispute by a wide margin, for his prior convictions all relate to controlled substance offenses, which have no direct correlation to his credibility,[1] and the Evid. R. 403 balancing test plainly teaches that any arguable probative value is substantially outweighed by its highly prejudicial effect (see such directly relevant cases as United States v. Galati, 230 F.3d 254, 261-62 (7th Cir. 2000) and United States v. Neely, 980 F.2d 1074, 1081 (7th Cir. 1992)) and cases that address Evid. R. 403 balancing generally, such as United States v. Gorman, 613 F.3d 711, 718 (7th Cir. 2010) and Thompson v. City of Chicago, 472 F.3d 444, 456-67 (7th Cir. 2006)).

Even putting to one side the numerous deficiencies in Guerrero's response displaying his counsel's periodic misuse of the English language, that response comes down to a thinly

---

[1] See Fed. R. Evid. ("Evid. R.") 609(a)(2), which allows limited impeachment -- by "attacking a witness's character for truthfulness" (emphasis added) -- by evidence of a criminal conviction for any crime regardless of the punishment. But that provision's limited scope applies only "if the court can readily determine that establishing the elements of the crime required proving -- or the witness's admitting -- a dishonest act or false statement." If that is not the case, as is true here, Evid. R. 609(a)(1)(A) looks to the Evid. R. 403 balancing test dealt with in the rest of this paragraph and the following paragraph of the text.

disguised appeal to the prejudice that Evid. R. 403 is designed to avoid. Nothing more need be said. Hence Jefferson's Motion No. 2 is also granted.

Next, Motion No. 4 in the Dkt. No. 76-1 compendium asks "to bar any reference to Division IX of Cook County Jail as a 'maximum security' Division." In response, in an example of the numerous English language problems referred to earlier, defense counsel states:

> Defendant should be able to illicit (sic) that Division IX is a maximum security division.

But once again that type of argument runs afoul of Evid. R. 403, for it is highly likely (and indeed it may well be intended) to deflect jurors' attention from the actual issues in the case, not the viability or lack of viability in Jefferson's substantive case.

Indeed, in response to Jefferson's allegation that Guerrero "was aware of a threat of serious harm at the hands of other detainees, Thaddeus Thompson and Martice Smith," Guerrero's counsel asserts at her responsive Mem. 2-3:

> Therefore, Officer Guerrero should be able to assert protocol for the handling of more dangerous detainees who are classified in a manner that cause them to be placed in maximum security.

That of course misses the whole point that awareness of an inmate's dangerous proclivities ought to <u>heighten</u> a correctional officer's alertness to the possibility of harm -- a fact-intensive matter as to which both sides are free to offer their competing versions for jury consideration. And that has nothing to do with the label attached to a particular custodial facility and to the potential prejudice that such a pejorative label can foster. Again Jefferson's motion is granted.

Lastly, Jefferson's Motion No. 5 in Dkt. No. 76-1 seeks "to preclude reference to any ticket, proceedings or discipline received by Plaintiff Nathaniel Jefferson as a result of this

incident and any argument that such discipline absolves Defendant Guerrero of any wrongdoing." There Guerrero's opposition essentially seeks to have someone else's judgment influence the jury's own judgment, a particularly inappropriate prospect when jurors necessarily have no familiarity with the nature of the administrative proceedings in effect at the Cook County Jail (in this instance "tickets" were given to Jefferson, his cellmate and, importantly, the two inmates that Jefferson claims were enabled by Guerrero's misconduct to harm him).

This Court makes no factual findings, of course, either for or against Jefferson's claim or Guerrero's defense. But it is plainly inappropriate to create the prospect that the jury's own determination after it hears firsthand about the parties' respective positions might be influenced by the rulings made in an administrative proceeding that lacked the structure and controls provided in a court-run trial. Hence Jefferson prevails on that motion as well.

### **Guerrero's Motions in Limine**

Just as was the case with Guerrero's limited response to Jefferson's motions, Jefferson offers no objection to a substantial number of Guerrero's motions in limine. In this instance Guerrero's motions designated as Nos. 2 through 4, 8 and 9 in Dkt. No. 75 have met no opposition. As has been ordered on the other side of the coin, Jefferson's counsel is ordered to comply with those non-objected-to motions.

As for Guerrero's Motion No. 1, it asks "to bar any testimony or evidence concerning or related to plaintiff's treatment, diagnosis or his medical records." That motion attempts to preclude Jefferson himself from testifying as a lay witness about the claimed effects of injuries that he says he sustained in the attack for which he blames Guerrero. Like too many of the

positions marked out by defense counsel and dealt with in this opinion, that position is at war with common sense as well as with both the literal language and the purpose of Evid. R. 701.[2]

Indeed, the position advanced by Jefferson's counsel is so obviously correct that our own Court of Appeals has never been called upon to deal with it[3] -- but it is noteworthy that the Court of Appeals for the Third Circuit did have the occasion to treat with the same subject on a case much like this one, and it ruled in favor of permitting a prisoner's testimony in essentially identical circumstances (In re Bayside Prison Litig., 341 Fed. App'x 790, 793 (3rd Cir. 2009)) -- and in doing so it quoted directly from one of the opinions cited by Jefferson here, Townsend v. Benya, 287 F. Supp. 2d 868, 875 (N.D. Ill. 2003), an opinion authored by now-retired Magistrate Judge Morton Denlow of this District Court on a like motion in limine. This Court sees no arguable reason for doing otherwise, and Guerrero's Motion No. 1 is denied.

Next, Guerrero's Motion No. 5 asks this Court "to bar all questioning or argument regarding defendant's prior disciplinary history or lawsuits in which they [sic] were named." Although prior lawsuits against Guerrero would normally be out of bounds under Evid. R. 404(b) (the mere fact of being sued by someone else cannot of course be viewed as probative as to the legitimacy of the current lawsuit), the special circumstances as to Guerrero's past make the testimony of County Jail inmate Marcus Mannie ("Mannie") admissible and may perhaps provide the occasion for Mannie to refer to his lawsuit against Guerrero.

---

[2] As chance would have it, this Court chaired the subcommittee of the Judicial Conference's Advisory Committee on the Rules of Evidence that was responsible for drafting the year 2000 revisions to Evid. R. 701, 702 and 703 and the Advisory Committee's Notes on those revised rules.

[3] Trial judges, by contrast, are regularly presented with such testimony by an injured plaintiff and just as regularly admit it for jury consideration.

There is no need to repeat the detailed exposition as to the Guerrero-Mannie episode set out at pages 3 through 8 of Jefferson's Response (Dkt. No. 77). If Mannie's testimony is credited by the jury, the jury may appropriately determine that it evidences one or more of the "plan," "absence of mistake" and "lack of accident" that are expressly listed as grounds for admissibility under Evid. R. 404(b)(2). That then supports a partial denial of Guerrero's Motion No. 5 as an exception to its generally being granted, with the specific particulars of the matter to be dealt with in the course of trial.

Next, as stated earlier, Guerrero's Motion No. 6 -- which asks that evidence of Jefferson's prior convictions be admitted -- is the direct counterpart of Jefferson's Motion No. 1 asking that such evidence be barred. For the same reason that called for granting Jefferson's motion, Guerrero's is denied.

Finally, Guerrero's Motion No. 7 asks "to bar reference to alleged failures to comply with jail procedures as evidence of unconstitutional conduct." Guerrero's counsel is dead right in contending that violations of that type do not automatically correlate one-to-one with conduct actionable under Section 1983. But even though more than ample authority for that proposition is provided by the caselaw cited and quoted in Guerrero's Dkt. No. 75 memorandum, Jefferson's Dkt. No. 77 responsive memorandum cites caselaw from our Court of Appeals on the other side of the coin, allowing such evidence as bearing on related constitutional issues. Because no specifics have been provided to this Court as to which side of the coin better portrays the as-yet-unidentified County Jail procedures that Jefferson would seek to bring into evidence, Guerrero's Motion No. 7 cannot be ruled on to this point -- but if it were to find its way into the case, this Court would certainly provide the jury with the cautionary instruction embodied in Instruction 7.04 of the Federal Civil Jury Instructions of the Seventh Circuit.

**Conclusion**

To avoid what would necessarily be an oversimplification of this opinion's extended discussion of the parties' respective motions in limine, what follows is an encapsulated listing of the rulings earlier set out in full. Here it is.

As to Jefferson's motions in limine as numbered in Dkt. No. 76-1:

1. Motions Nos. 1, 3 and 6 through 15 are granted without objection.

2. Motions Nos. 2, 4 and 5 are granted for the reasons stated in this opinion.

As for Guerrero's motions in limine as designated in Dkt. No. 75:

1. Motions Nos. 2 through 4, 8 and 9 are granted without objection.

2. Motions Nos. 1 and 6 are denied for the reasons stated in this opinion.

3. Motion No. 5 is granted in part and denied in part for the reasons stated in this opinion, with the particularized rulings in that respect to be made at trial.

4. Any ruling on Motion No. 7 is deferred until trial, again for the reasons stated in this opinion.

Next, a status hearing is set for 9:30 a.m. April 6, 2017 for the purpose of setting a trial date later this month. In anticipation of the trial, counsel for the parties are ordered to begin to confer promptly -- even without awaiting that status hearing date -- to facilitate their pretrial submission of proposed jury instructions, comprising (1) a _single_ jointly-tendered set of instructions of a generally standard nature, drawn from the most recent work product of the Committee on Pattern Civil Jury Instructions of the Seventh Circuit, supplemented by (2) each

side's particularized proposed instructions in any unagreed areas.[4] Each side's counsel should also prepare and timely submit (see n.4) proposed voir dire questions for purposes of jury selection (in that respect there is no need to spend time in trying to arrive at joint proposals). All other pretrial preparatory matters will be dealt with at a date to be established when the timetable for trial has been set.

                                                                           _____
                                                                           Milton I. Shadur
                                                                           Senior United States District Judge

Date: April 3, 2017

---

[4] Counsel are reminded that this Court's November 4, 2016 minute entry, entered in conjunction with its conference with counsel as to their jointly submitted FPTO, specified that both the proposed jury instructions and the proposed voir dire questions would be due for delivery to this Court 14 days before the trial date.